IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARAMARK, et al.,<br><br>　　　　Defendants. | No.  2:25-cv-1066-DMC-P<br><br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) Aramark, (2) Securus Technologies, and (3) Sacramento County Jail. See ECF No. 1, pg. 1.

Plaintiff states that as of January 1, 2025, prisoner phone calls are supposed to be free of charge due to "Senate Bill 1081." Id. at 3. Plaintiff alleges Defendant Securus Technologies claims to have a contract with Defendant Sacramento County Jail. See id. According to Plaintiff, however, the law prohibits such a contract. See id. Plaintiff asserts that Sacramento County knows of this prohibition. See id. Plaintiff also alleges "they" do not have a competitor so the price of all items, including sugar, coffee, peanut butter, is gauged. See id. at 3-4. According to Plaintiff, items stating "not for individual sale" or "not for sale in California" are being sold. Id. at 4. Additionally, Plaintiff asserts that expired items, such as toothpaste, are being sold. See id.

///
///
///
///
///

## II.  DISCUSSION

Plaintiff's complaint suffers multiple defects. Primarily, Plaintiff has failed to allege facts establishing each individual defendant's causal role in the alleged constitutional deprivation. Additionally, Plaintiff has not alleged facts sufficient to establish the municipal liability of the Sacramento County Jail.

### A.     **Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's claims do not appear to present specific facts regarding each of the named defendants' causal role in the alleged constitutional deprivation. Instead, Plaintiff refers to the defendants collectively as "defendants" and "they," without identifying the specific defendants involvement with the incident.  In Plaintiff's assertion regarding the phone usage, Plaintiff asserts that "the defendants" are violating a bill but Plaintiff does not allege any specific facts to show which specific law is being violated, by whom, and in what manner. Even though Aramark is named as one of the defendants in the complaint, there are no allegations tying it to any constitutional violations. Next, Plaintiff asserts that "they the defendants" price gauge all items, but, again, does not identify the individual defendant involved.  Finally, while Plaintiff also specifically references Defendant Securus Technologies as having an invalid contract with the Sacramento County Jail, Plaintiff does not allege facts to link this defendant to a violation of

Plaintiff's rights.  Specifically, Plaintiff has not explained how an allegedly invalid contract violates Plaintiff's rights.

Plaintiff will be provided leave to amend to allege facts showing how each named defendant individually participated in or caused a violation of Plaintiff's constitutional or statutory rights.

### B. Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.

Here, Plaintiff names as a defendant the Sacramento County Jail, which is a division of Sacramento County, a municipality.  Plaintiff, however, does not allege any facts to indicate that the conduct complained of in the complaint was the result of an established policy or custom of the Sacramento County Jail or Sacramento County. The Court will grant Plaintiff an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

1  amend, all claims alleged in the original complaint which are not alleged in the amended
2  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
3  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
4  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
5  complete in itself without reference to any prior pleading.  See id.

6        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
7  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See
8  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
9  each named defendant is involved and must set forth some affirmative link or connection between
10 each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167
11 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12       Finally, Plaintiff is warned that failure to file an amended complaint within the
13 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
14 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
15 with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
16 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

17       Accordingly, IT IS HEREBY ORDERED that:

18     1.    Plaintiff's original complaint, ECF No. 1 is dismissed with leave to amend;
19 and

20     2.    Plaintiff shall file a first amended complaint within 30 days of the date of
21 service of this order.

23 **Dated:  June 5, 2025**

                DENNIS M. COTA
                UNITED STATES MAGISTRATE JUDGE